LABARGA, C.J.,
concurring.
I concur that reversal is proper in this case, but write separately to remind trial judges of the proper standard for shackling a defendant during trial. A judge generally has the discretion to determine when, for the security and safety of those in the courtroom, a defendant should be in physical restraints during trial. See Smith v. State, 7 So.3d 473, 493 (Fla.2009). However, putting a defendant in physical restraints, such as shackles or waist restraints, during a criminal trial is inherently prejudicial because visible, physical restraints interfere with the defendant’s presumption of innocence and the fairness of the fact-finding process. Knight v. State, 76 So.3d 879, 886 (Fla.2011).
Related concerns arise when a defendant is shackled during the penalty phase when the jury is deciding whether to recommend a sentence of life or death. Deck v. Missouri, 544 U.S. 622, 632, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). This decision is no less important than guilt given the severity and finality of the punishment. *752 Id. For these important reasons, restraints must only be used “when 'justified by an essential state interest’ specific to the defendant on trial.” Knight, 76 So.3d at 886 (quoting Deck, 544 U.S. at 624, 125 S.Ct. 2007). However, the right to be free from restraints can be overcome by a showing of necessity because of physical security, escape prevention, or courtroom decorum. Hernandez v. State, 4 So.3d 642, 656 (Fla.2009). Therefore, the analysis is unique to each defendant according to the circum-' stances.
The law is clear that a court cannot place a defendant into visible, physical restraints merely as a routine matter. Id. at 658. Inquiry into the reasons behind the restraining of a defendant is essential even in the penalty phase where “it may be that a lesser showing of necessity is required to permit the shackling of the defendant.” Bello v. State, 547 So.2d 914, 918 (Fla.1989) (“In this case, although defense counsel objected to the shackling and requested that an inquiry be made, the trial judge refused to do so, deferring to the sheriffs apparent judgment that such restraint was necessary without inquiring into the reasons behind that decision.”). This Court .has repeatedly held that if counsel timely objects and requests an inquiry into the necessity of the restraints, the court must conduct a hearing on the matter. See Hernandez, 4 So.3d at 657; Bryant v. State, 785 So.2d 422, 429 (Fla.2001); Bello, 547 So.2d at 918. The trial court must review the circumstances surrounding the case and the particular defendant and determine, on the record, whether the restraints are necessary for that particular defendant. The trial court should consider a number of circumstances, including but not limited to a defendant’s prison records, testimony of witnesses, testimony of correctional and law enforcement officials, a defendant’s threats of harm or escape, and a defendant’s conduct during the instant case proceedings. See Bryant, 785 So.2d at 429-30; Bello, 547 So.2d at 918.
That inquiry did not occur in this case. Before the penalty phase began, the trial judge ordered Hodgkins to remain in the “lockbox” with handcuffs, a waist chain, and leg irons. Counsel timely objected to the restraining of Hodgkins, and particularly objected to the lockbox, stating that Hodgkins, had behaved appropriately in the proceedings and that there was no likelihood of disruption. The judge explained that his deputy, under the direction of the Sheriffs Office of Pasco County, had a standard-security protocol of shackling defendants. The judge also noted that the jail viewed Hodgkins as a suicide and escape risk, which was considered normal procedure after a conviction in a capital case, and that it was alleged that Hodgkins had a prior serious violent felony. Therefore, the judge deferred to the jail’s security protocol even though the judge said Hodgkins exemplified past good behavior and conducted himself like a gentleman in the proceedings. It appears that the judge felt obligated to follow the deputy’s security protocol when he said, “I’m not going to direct the jail to violate their security protocols” and “I wish ... I could take the lockbox off [Hodgkins], but I cannot.” While a deputy’s job in the courtroom to protect the safety and well-being of the people in attendance is an important one, the policy of the sheriffs office is not determinative of the matter.
PARIENTE, J., concurs.